IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

JAMES LAMAR PETTIS, JR.,

    Plaintiff

vs.

CIVIL ACTION NO. 1:02-CV159-3(WLS)

AL WILLIS; BETTY COULTER;
JOHN C. PRIDGEN; WHITFIELD R.
FORRESTER; DENISE D. FACHINI;
DUANE MASSEY; JOHN SHERRER;
and MARY ANN SANDERS,

    Defendants

**ORDER**

Plaintiff JAMES LAMAR PETTIS, JR., has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has paid the required initial partial filing fee previously ordered by the U.S. Magistrate Judge.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the $150.00 filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

### STANDARD OF REVIEW

Notwithstanding any filing fee or portion thereof that might have been paid, the court is required to review prisoner complaints with a view toward dismissing the complaint or any



portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S.319, 327 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## PLAINTIFF'S CLAIMS

Plaintiff alleges that on May 15, 2002, he was taken to his first appearance before Magistrate Al Willis for a probation violation. He was asked if he would sign a waiver of his preliminary hearing, but refused to do so. He was nevertheless denied a preliminary hearing, which he alleges denied him due process. Plaintiff also alleges that he was not given a bond on the criminal charges against him, which included failure to stop and return to the scene of an accident, serious injury by vehicle, DUI, habitual violator, endangering a child by driving under the influence, and no proof of insurance. He states that he has been confined in the Dooly County Justice Center for approximately 60 days with no determination of probable cause, thereby depriving him of due process and subjecting him

2

to illegal arrest, illegal confinement, and malicious prosecution.

Further, plaintiff alleges that his attorney, defendant John Sherrer, was ineffective because he failed to make minimal inquiries into plaintiff's case. He alleges that had Sherrer made such inquiries he would have seen that plaintiff did not have a bond set on the criminal charges which resulted in the revocation of his probation, and that he did not receive a preliminary hearing.

Plaintiff seeks damages of $10,000 for his lost wages and pain and suffering.

## DISCUSSION

### *Entitlement to immunity*

Plaintiff has included as defendants herein Magistrate Al Willis, Judge John C. Pridgen, Judge Whitfield R. Forrester, and Chief Magistrate Mary Ann Sanders. All these defendants are entitled to immunity from being required to pay damages in a lawsuit filed under 42 U.S.C. § 1983. The Supreme Court of the United States has ruled that state and federal judges have absolute immunity from liability to civil suit under § 1983 for actions taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L.Ed.2d 331 (1978); *Wahl v. McIver*, 773 F.2d 1169 (11th Cir. 1985). Immunity attaches unless the judge was acting in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 357, 98 S. Ct. at 1105; *Simmons v. Conger*, 86 F.3d 1080 (11th Cir. 1996). Clearly, defendants Willis, Pridgen, Forrester, and Sanders were acting within their judicial capacity as to any involvement they had in the revocation of plaintiff's probation or the denial of bond

3

relating to the criminal charges against him. Accordingly, plaintiff's claims against the above defendants will be **DISMISSED**.

Defendant Denise D. Fachini, District Attorney, is also entitled to immunity. Prosecutors are absolutely immune from liability under § 1983 for acts or omissions associated with the judicial process in a criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 47 L.Ed.2d 128 (1976); *Elder v. Athens-Clarke County, Georgia*, 54 F.3d 694, 695 (11th Cir. 1995). Absolute immunity is essential in order that prosecutors can perform their duties without harassment or intimidation. *Imbler v. Pachtman*, 424 U.S. at 424-25.

Plaintiff does not complain of any acts or omissions by defendant Fachini that were outside the scope of her prosecutorial duties; therefore, absolute immunity applies. Accordingly, plaintiff's claims against Fachini will be **DISMISSED**.

### *Revocation of probation*

Insofar as plaintiff's claim for monetary damages is for the revocation of his probation without being afforded a preliminary hearing, such claim for damages is not yet cognizable under § 1983. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

4

The principles cited in *Heck* may also be applied to probation revocation hearings. *See, e.g., Jackson v. Vannoy*, 49 F.3d 175 (5th Cir. 1995).

When a prisoner proceeding under 42 U.S.C. § 1983 seeks monetary damages, the district court, under *Heck*, must determine whether a judgment in favor of the plaintiff would necessarily render the challenged proceeding invalid. In the present case, plaintiff claims that his probation revocation hearing violated due process because he was not afforded a preliminary hearing. A ruling by this court in favor of plaintiff on his claim of a due process violation would necessitate a determination that the probation revocation proceeding was invalid.

Plaintiff does not allege, however, that his revocation proceeding has been reversed, expunged, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Under *Heck*, therefore, the present action may not be brought under § 1983 in federal court until plaintiff can make such a showing. Insofar as plaintiff is asserting a claim under § 1983 for revocation of his probation, such claim will be **DISMISSED**, without prejudice.

Moreover, consideration by this court of plaintiff's claim for damages based on the denial of bond is essentially a claim that he is being unconstitutionally confined. A habeas corpus petition is the appropriate method for making this determination rather than a civil rights petition under 42 U.S.C. § 1983. Before filing a habeas petition in federal court, however, plaintiff must first exhaust his state remedies. He may pursue such state remedies and obtain review of the denial of bond by utilizing the interlocutory appeal

5

procedures set forth in O.C.G.A. § 5-6-34(b). *Mullinax v. State*, 271 Ga. 112, 515 S.E.2d 839 (1999); citing *Howard v. State*, 194 Ga. App. 857, 392 S.E.2d 562 (1990). In addition, he may file a petition for writ of habeas corpus in the Georgia state courts concerning his claim that the refusal to grant bail was a violation of his constitutional rights. *Mullinax*.

Because there is no indication that plaintiff has pursued any of these remedies, his claim based on the denial of bond will be **DISMISSED**, without prejudice to his right to file a petition for writ of habeas corpus after first exhausting his state remedies.

### *Ineffective assistance of counsel*

In any action under 42 U.S.C. § 1983, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present. First, plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States. Second, he must allege that the act or omission was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, *overruled in part on other grounds*, 474 U.S. 327 (1986).

Plaintiff has failed to satisfy these requirements with respect to defendant John Sherrer. As a private attorney, Sherrer was not acting under color of state law at the time of his legal representation of plaintiff. The Supreme Court has defined "acting under color of law" as acting with power possessed by virtue of the defendant's employment with the state. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir. 1995); *West v. Atkins*, 487 U.S. 42, 49, 108 S. Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). The dispositive

issue is whether the defendant was acting pursuant to the power he possessed by state authority, or whether he was acting only as a private individual. *Edwards*, 49 F.3d at 1523, quoting *Monroe v. Pape*, 365 U.S. 167, 184, 81 S. Ct. 473, 482, 5 L.Ed.2d 492 (1961). Plaintiff does not claim that Sherrer is a state employee or possessed power by virtue of its relationship with the state. The claim for ineffective assistance of counsel will therefore be **DISMISSED** for failure to satisfy the threshold requirements for asserting a claim under § 1983.

### *Malicious prosecution*

Insofar as the complaint states a claim for malicious prosecution, such a claim has not yet accrued. To prevail on a claim of malicious prosecution plaintiff must show: " (1) prosecution for a criminal offense; (2) instigated without probable cause; (3) with malice; (4) under a valid warrant, accusation or summons; (5) which is terminated favorably to the plaintiff; and which (6) has caused damage to the plaintiff." *Kelly v. Serna*, 87 F.3d 1235, 1240-41 (11th Cir. 1996); *Wal-Mart Stores, Inc. v. Blackford*, 264 Ga. 612, 449 S.E.2d 293 (1994); *see Whiting v. Traylor*, 85 F.3d 581 (11th Cir. 1996). Plaintiff has not alleged that the criminal proceedings resulting from his arrest resulted in an outcome favorable to him. Therefore, his claim for malicious prosecution is **DISMISSED**, without prejudice to his right to file a new action at such time as the criminal proceedings are resolved in his favor.

## CONCLUSION

For the reasons explained hereinabove, plaintiff's claims against the defendants do not state a claim upon which relief may be granted. The complaint is therefore **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**, this _22nd_ day of April, 2003.

ENTERED ON DOCKET
_April 24_, 20_03_
Gregory J. Leonard, Clerk
_Kathy Elliot_
Deputy Clerk

W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE